# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MILOS VUKOVIC, on behalf of himself and all others similarly situated, | )<br>)<br>) Judge |
| Plaintiff, | )<br>) Case No. |
| v. | )<br>) |
| VON TECHNOLOGIES, LLC | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT

Plaintiff Milos Vukovic, on behalf of himself and all other persons similarly situated, known and unknown, through his attorneys and for his Complaint against Defendant Von Technologies, LLC ("Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Plaintiff's claim against Defendant arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay Plaintiff and other Wireless Engineers and Field Technicians overtime wages. Plaintiff brings his FLSA claim as a collective action. Plaintiff's FLSA consent form is attached hereto as Exhibit A.

**THE PARTIES**

2. Plaintiff Milos Vukovic resides in and is domiciled in Hallande Beach, Florida.

3. Defendant is an information technology services corporation focused on network infrastructure, unified communications, and wireless networks.

4. Plaintiff began working for Defendant on or about May 9, 2016.

1

5. Plaintiff's last day working for Defendant was on or about February 24, 2017.

6. During his employment with Defendant, Plaintiff traveled to client locations throughout the United States, including locations in Louisiana, Georgia, Massachusetts, Nevada, Texas, North Carolina, Florida, Wisconsin, California, and Ohio.

7. Defendant Von Technologies, LLC is an Illinois limited liability company with its principal place of business located in Oak Brook, Illinois, within this judicial district.

8. Defendant Von Technologies, LLC does business within this judicial district.

9. At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(e).

10. Defendant Von Technologies, LLC was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

11. Defendant Von Technologies, LLC is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

12. Defendant Von Technologies, LLC's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over Plaintiff's FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

14. Venue is proper in this judicial district because Defendant resides in this judicial district. 28 U.S.C. § 1391(b)(1).

15. Plaintiff and persons similarly situated to him are current and former Field Technicians and Wireless Engineers who were employed by Von Technologies, LLC.

16. As a Field Technician and Wireless Engineer, Plaintiff was responsible for surveying wireless networks at client locations and for implementing wireless networks at client locations.

17. In performing his duties as Field Technician and Wireless Engineer, Plaintiff was required to perform physical labor and to be on his feet on a daily basis for extended periods of time.

18. In performing his duties as Field Technician and Wireless Engineer, Plaintiff used the following tools: screwdrivers, cutting snips and a cisco console/rollover cable.

19. Defendant paid Plaintiff a salary for the work he performed for Defendant.

20. Plaintiff worked more than forty (40) hours in certain individual work weeks for Defendant during the last three years.

21. For example, Plaintiff worked more than forty (40) hours for Defendant in the individual work weeks ending July 23, 2016; July 30, 2016; August 6, 2016; August 13, 2016; August 20, 2016; August 27, 2016; November 5, 2016, November 19, 2016, December 3, 2016, December 10, 2016; December 24, 2016; December 31, 2016; January 7, 2017; January 14, 2017; January 21, 2017; January 28, 2017; January 4, 2017; February 11, 2017; and February 18, 2017.

22. Defendant did not pay Plaintiff at the rate of one and one half times his regular rate of pay for the hours he worked in excess of forty (40) in individual work weeks.

23. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA.

24. During the prior three (3) years, Defendant paid other Wireless Engineers and Field Technicians on a salary basis.

25. Defendant classified other Wireless Engineers and Field Technicians as exempt from the overtime provisions of the FLSA.

26. Upon information and belief, during the prior three (3) years, Defendant classified at least 25 other individuals who worked as Wireless Engineers and Field Technicians as exempt from the overtime provisions of the FLSA.

27. Plaintiff was entitled under the FLSA to be paid one and one half times his regular rate of pay for the time he worked in excess of forty (40) hours a week.

28. Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

## COUNT I
## Violation of the Fair Labor Standards Act - Overtime Wages
## (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 28 of this Complaint.

29. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay overtime wages to Plaintiff.

30. Plaintiff was directed by Defendant to work, and he did work, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

31. Other Wireless Engineers and Field Technicians were directed by Defendant to work, and they did work, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

32. Plaintiff was entitled to be paid overtime wages at the rate of one and one half times his regular rate of pay for the time he worked in excess of forty (40) hours per week.

33. Other Wireless Engineers and Field Technicians were entitled to be paid overtime wages at the rate of one and one half times their regular rate of pay for time they worked in

excess of forty (40) hours per week.

34. Defendant did not pay Plaintiff any overtime wages for the time he worked in excess of forty (40) hours per week.

35. Defendant did not pay other Wireless Engineers and Field Technicians overtime wages for the time they worked in excess of forty (40) hours per week.

36. Defendant's failure to pay Plaintiff overtime wages at a rate of one and half times his regular rate of pay for time he worked in excess of forty (40) hours in individual work weeks violated § 207 of the FLSA.

37. Defendant's failure to pay other Wireless Engineers and Field Technicians overtime wages at a rate of one and half times their regular rate of pay for the time they worked in excess of forty (40) hours in individual work weeks violated § 207 of the FLSA.

38. Defendant willfully violated the FLSA by failing to pay Plaintiff and other Wireless Engineers and Field Technicians overtime wages for the time they worked in excess of forty (40) hours per week.

39. Plaintiff and other similarly-situated persons are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully requests:

    A. A judgment in the amount of Plaintiff's and similarly situated persons' earned and unpaid overtime compensation;

    B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated:  March 27, 2017

Respectfully submitted,

s/Maureen A. Salas
One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008